By the Court.
At January term, 1883, an indictment was found in the court of common pleas of Morrow county, against Yalentine Wagper, for shooting with a pistol, on December 18,1882, one Dauiel Shehan, causing his death, the indictment containing allegations sufficient to constitute a charge of murder in the first degree.
On January 29,1883, the prisoner moved to quash the indictment for divers alleged errors. The motion was overruled and exception taken. And afterward, on January 31, 1883, a plea in abatement was interposed, paragraphs 6 to 13 inclusive, of such plea being as follows: 6. “ The grand jury that found and presented the indictment in the above entitled cause, was not drawn, summoned, impaneled and sworn according to the statutes of the state of Ohio in such case made and provided.
I. “ In impaneling the grand jury aforesaid, the number thereof was made up by special venire, and such special venire was not signed by the clerk of said court; nor authenticated by the seal thereof ; nor was the same in the name of the state of Ohio, Morrow county.
8. “ John Markley, Sr., was drawn as one of the grand jurors of said court, for the January term, 1883, to wit, the term at which the indictment was found, and said Markley was not summoned, sworn or impaneled as such grand juror or excused by the court.
9. “ A. S. Gardner was drawn as one of the grand jurors and was not summoned as such.
10. “ A. G-. Gardner was summoned as one of the grand jurors, and was not sworn or impaneled as such grand jury, or excused by the court.
II. The foreman of the grand jury aforesaid, did not indorse upon the indictment, in the above entitled cause, the words ‘ a true bill ’ and subscribe his name thereon as foreman.
12. “Because the venire for. the grand jury aforesaid was not served in the manner provided by law.
13. “ The venire for the grand jury aforesaid was issued *539 in vacation and was not returned on the first day of the term, to wit, January 22, 1883.”
After a mistake in the name of the juror Gardner, mentioned in paragraphs 9 and 10 of the plea, had been corrected, the court sustained a demurrer to that part of the plea (paragraphs 6 to 13 inclusive); and the state, by reply, took issue of fact as to the other matters set -forth in the plea, and upon the trial of such issuses the verdict was in favor of the state. A motion for a new trial of such issues was overruled, and exception was taken not only to the action of the court in that regard, but upon the further alleged ground that the prisoner had not been present at such trial and had been prevented from being present by imprisonment.
A demurrer to the indictment was overruled, and a plea of not guilty having been interposed, the cause was tried at the January term, 1884 (February, 1884), aud the verdict was, guilty of murder in the first degree. Motion for a new trial overruled and sentence of death pronounced, to be carried into effect July 11, 1884. A bill of exceptions was taken, contain-, ing the evidence, exceptions with respect to the jury and the competency of jurors, exceptions with respect to the admission and exclusion of testimony, requests to charge and exceptions for refusing the same, and the charge of the court, with exceptions to portions thereof; also exceptions with respect to the judgments on the pleadings and the judgment in the cause.
By the constitution of the state, there is guaranteed, among other things, to every person accused of crime, “ a speedy public trial by an impartial jury.” The right to another trial, on appeal, error or otherwise, is not guaranteed, and whether a conviction for crime, whatever the grade of the offense, shall or shall not be the subject of review, on error, in the supreme court, or any other appellate court, and if so the extent to which such review will be allowed, are matters to be determined by the legislature by statutes regulating the jurisdiction and powers of the appellate courts. Lafferty v. Shinn, 38 Ohio St. 46.
Rev. Stats. § 7356, as amended in 1883 (80 Ohio Laws, 170), provides as follows : “ In any criminal case, including a *540 conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer, inferior to the court of common pleas, may be reversed in the court of common pleas; a judgment or final order of any court or officer inferior to the district court, may be reviewed in the district court; and a judgment or final order of the district court or court of common pleas in cases of conviction of a felony or misdemeanor, and the judgment of the district court in any other case involving the constitutionality or construction of a statute, may be reviewed in the supreme court; but in the supreme court only errors of law occurring on the trial or appearing in the pleadings or judgment, can be reviewed.”
It will be seen that while the district court has the power to reverse for any causo-that affords ground of reversal by the supreme court, yet, that the powers of the district court to reverse for error in such cases is broader than the power conferred on the supreme court.
While doubtless the supreme court can determine from the record, as a question of law, whether the admitted facts, in any case, constitute a crime, that court cannot, in view of the above amendment, look into the evidence, where it is in conflict, for the purpose of weighing it and determining whether the verdict is or is not in opposition to its weight. Rut the district court may reverse where the verdict is clearly against the weight of evidence. Rev. Stats. §§ 7304, 7350.
Por certain errors in the proceedings preliminary to the trial, the district court may reverse; but the supreme court has no such power ; nor has that court power, like the district court, to reverse for errors committed subsequent to the rendition of the judgment, unless such errors appear in the pleadings or orders with respect thereto, or in the final judgment.
“Trial,” in the clause limiting the jurisdiction of the supreme court, relates to the trial on the merits, upon a plea in bar, and does not extend to a trial on a plea in abatement, and errors, if any, occurring on the trial of a plea in abatement, or hearing on motion to quash, are not reviewable in the supreme court. “ Trial,” in the sense of that provision, commences, at least, immediately after the jury is sworn, and *541 embraces questions as to the admissibility- of evidence, questions as to refusal to charge and the charge given, and the like; and “ trial,” in this sense, ends with the rendition of the verdict. N o error occurred in this case during the impaneling of the jury, and hence we find it unnnecessary to determine whether “trial,” in this sense, extends to errors committed during the impaneling of the jury. No error occurred during the “ trial.”
“ Pleadings,” in the sense of the provision, includes the indictment and as well pleas in abatement as those in bar, and extends to the orders or judgments with respect to the pleadings ; but where matter, not the proper, subject of a plea, is incorporated in a paper denominated a plea, a decision with respect to it will not ordinarily be reviewed in the supreme court, upon the ground that it is part of the “ pleadings.” The plea in abatement in this ease contains such irrelevant matter. Thus, paragraphs 6, 7, 8, 12 and 13 do not, nor does either of them, contain the substance of such a valid plea, but if any error was committed with respect to the matters there stated, advantage should have been taken of it in another way, at an earlier stage of the case. Forsythe v. State, 6 Ohio, 8; Huling v. State, 17 Ohio St. 583. Paragraph 11 is evasive and wholly insufficient. Consistently with the plea, the foreman may have subscribed his name upon the indictment, adopting as his own the words then thereon : “A true bill.” Such a plea must be pleaded with exactness. Whart. Cr. Pl. & Pr. § 427. The same objection also applies to the other paragraphs above mentioned. No error was committed with respect to the “ pleadings.”
“ Judgment,” in the sense of the above provision, has relation to the final judgment ahd the orders with respect to the pleadings. There was no error in that matter.
We repeat, there was no error in this case with respect to-the pleadings, — none in admitting or rejecting evidence on the trial on plea of not guilty, — none in the refusals to charge or the charge given, — none in the judgment, — none, in short, for which the supreme court should reverse the judgment, and hence the judgment and sentence are on this 19th of June, 1884, affirmed.
*542 The prisoner, by bis counsel, having subsequently to such affirmance, applied to this court for leave to withdraw the papers in the cause, with a view to an application to the district court for leave to file therein a petition in error, such request was granted, and the district court granted leave to file such petition and the same is pending in that court. Practice of this sort is not to be commended. If application is to be made to the district court or its successor, such application should precede the application to this court; but the fact that the statute is new and the practice under it not settled, affords sufficient excuse for a different course in this instance.
So far as the views of this court are expressed in this opinion, they are, of course, binding upon the district court and circuit court. As to other matters in the record within the jurisdiction of the district court and circuit court, but not within the jurisdiction of the supreme court, namely, — matters preliminary to and preceding the actual trial of the case, and matters arising on overruling the motion for a new trial with respect to the weight of evidence, — it will be the duty of the circuit court, which is the successor of and clothed for this purpose with all the powers of the district court (81 Ohio Laws, 369, § 448a; 171 § 454e), to consider the cause in those respects, and if there is error in the record as to those matters, prejudicial to the prisoner, it will be the duty of the circuit court to reverse the judgment and remand the cause to the court of common pleas for a new trial; but if the circuit court finds no prejudicial error, then it will be the duty of that court to affirm the judgment, and, pursuant to Rev. Stats. § 7360, fix a day for the execution of the prisoner. Of course we express no opinion whether there is or is not such error.
As the jurisdiction of the supreme corrrt to reverse in such cases is precisely the same whether the application is made here originally or after the cause passes through the district court or circuit court, this court has already given to the questions presented in the record all the examination it can with propriety give them, and expressed an opinion thereon; and rehearings are not allowed in this court. Longworth v. Sturges, 2 Ohio St. 104; Zink v. Grant, 26 Ohio St. 378. The case is *543 reported to afford information as to the jurisdiction of the supreme court, district court and circuit court in cases like this. The matters occurring on the trial and with respect to the refusals to charge and the charge given, we do not deem of sufficient general importance to call for a report.
The motion in McHugh v. State, ante, 154, was overruled before this case was decided.
JohNSON, C. J., did not sit in this case.